**DEERING–MILLIKEN, INC., a Corporation, Plaintiff,**

v.

**Reed JOHNSTON, as Regional Director of the National Labor Relations Board, Defendant.**

**No. C–69–WS–61.**

United States District Court
M. D. North Carolina,
Winston-Salem Division.

April 28, 1961.

McLendon, Brim, Holderness & Brooks, Greensboro, N. C., for plaintiff.

Stuart Rothman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, James C. Paras, Marion L. Griffin, Attys., N. L. R. B., Washington, D. C., James R. Webster, Regional Atty., Region 11, Winston-Salem, N. C., for defendant.

WYCHE, District Judge.

This is an action of a civil nature brought to declare the invalidity of, and to obtain an injunction permanently restraining the defendant from proceeding under, an order of the National Labor Relations Board dated February 15, 1961, in a case now pending before said Board bearing Docket Number 11–CA–1071.

The action arises under the Administrative Procedure Act (60 Stat. 236, 5 U. S.C.A. § 1001 et seq.) and under the provisions of the National Labor Relations Act, as amended (29 U.S.C.A. § 151 et seq.).

The case is before me upon a Rule to Show Cause entered by the Honorable Edwin M. Stanley, United States District Judge for the Middle District of North Carolina, why the defendant should not be enjoined, restrained and directed to act as prayed for in the complaint, and why the plaintiff should not have such other and further relief as may be just and equitable in the premises.

The case is also before me upon the motion of the defendant to dismiss the complaint because "(a) This Court lacks jurisdiction of the subject matter of the action; (b) This Court lacks jurisdiction

over the constituent members of the National Labor Relations Board who are indispensable parties to the action; (c) The complaint fails to state a claim warranting equitable intervention in that an adequate and exclusive statutory method of review exists which the plaintiff has not exhausted; (d) The Board action complained of is reasonable and proper." Or, "2. In the alternative, defendant moves that summary judgment for defendant be granted on the basis of the complaint, the exhibits attached thereto, and the exhibits attached to this motion."

The parties agreed at the hearing before me that the factual allegations of the complaint are not in dispute and the defendant's counsel stated that if an answer were filed the defendant would admit the factual allegations of the complaint.

The parties agreed to submit for hearing and determination by me on the basis of the complaint, the papers and documents before the court defendant's motion to dismiss, the complaint or in the alternative for summary judgment, and in the event I denied defendant's motion to dismiss and defendant's motion for summary judgment, it was agreed that I determine, on the basis of the complaint, the papers and documents before me, the merits of the action, including the plaintiff's application for a permanent injunction and restraining order.

In compliance with Rule 52(a), Rules of Civil Procedure, 28 U.S.C.A., I find the facts specially and state my conclusions of law thereon, in the above cause, as follows:

#### Findings of Fact.

1. Plaintiff is a corporation of the State of Delaware and is the successor of Deering, Milliken & Co. Inc., which is a respondent in a certain proceeding before the National Labor Relations Board (hereinafter referred to as "The Board") entitled "In The Matter of Darlington Manufacturing Corporation, Roger Milliken and Deering, Milliken & Co. Inc., and Textile Workers Union of America, AFL-CIO", Case No. 11–CA–1071.

2. Defendant is the Regional Director of the National Labor Relations Board for the Eleventh Region, which includes the States of North Carolina and South Carolina, and in his capacity as Regional Director is charged, under the Rules and Regulations of the National Labor Relations Board, with taking specified action for and on behalf of said Board and its General Counsel within said Region, and resides at Winston-Salem, North Carolina; the defendant has been ordered by the Board by its Order dated February 15, 1961, to arrange further hearings in case number 11–CA–1071, as to certain additional matters of evidence hereinafter described.

3. The original complaint in Case No. 11–CA–1071 was issued by defendant against Darlington Manufacturing Corporation on December 4, 1956, and said case has been pending before the Board, or an officer or agent thereof, at all times since then without any determination or order having been rendered by the Board on the merits thereof, notwithstanding that the record necessary for such determination was completed and closed on November 13, 1958, and the trial examiner's report thereon was rendered December 31, 1959.

4. Subsequent to the hearings held on the original complaint and the report of the Board's trial examiner thereon, the Board, on December 16, 1957, at the request of the Textile Workers Union of America (hereinafter referred to as the "Union"), remanded the case to the trial examiner in order that testimony might be taken on the question whether Darlington Manufacturing Corporation was but one in a chain of textile mills whose operations and labor relations were controlled by plaintiff's predecessor Deering, Milliken & Co. Inc.

5. After extensive preparation therefor remand hearings were held pursuant to said order over a period of eighteen days in September and October, 1958. During the course of such hearings proof was offered, on the basis of records and documents produced by Darlington Manufacturing Corporation and by plain-

tiff's predecessor Deering, Milliken & Co. Inc. as to the following matters among others: (a) Whether Deering, Milliken & Co. Inc. had so controlled the operations and labor relations of Darlington Manufacturing Corporation as to be liable for the alleged violations of the National Labor Relations Act by Darlington in the fall of 1956; (b) Whether Deering, Milliken & Co. Inc. operated a chain of textile mills, including mills owned by the Cotwool Manufacturing Corporation, a Delaware corporation; (c) Whether there was such a common ownership and control of Deering, Milliken & Co. Inc. and other corporations, including the Cotwool Manufacturing Corporation, as to show that all of such corporations together constituted a "single employer" so that each could be held liable for the unfair labor practices of another; (d) Whether Deering, Milliken & Co. Inc. was so responsible for the alleged unfair labor practices of Darlington Manufacturing Corporation as to require it (i) To cause the employment of former Darlington employees by other corporations engaged in the manufacture of textile products, including the Cotwool Manufacturing Corporation; (ii) To pay back-pay to former employees of Darlington.

After affording the Board's General Counsel and Union counsel a full opportunity to offer proof as to all of such matters, the trial examiner held that on the basis of the record before him there had been a failure to prove any of such matters and recommended dismissal of the complaint against Deering, Milliken & Co. Inc.

6. During the course of such remand hearings the Board's General Counsel asked that the hearings be kept open so that further proof might be offered as to the relationship existing in 1956–57 between Deering, Milliken & Co. Inc. and certain other textile manufacturing corporations, including the Cotwool Manufacturing Corporation, ·for which it acted as sales agent. The hearings were later closed without such proof having been offered, or any fur-

ther request for an opportunity to make such offer.

7. Case No. 11–CA–1071 was again submitted to the Board on or about April 5, 1960, for decision on the merits. Instead of deciding the case the Board by its order of February 15, 1961, again remanded the case to the defendant Regional Director with orders to arrange for further hearings at which the Union would be permitted to introduce evidence as to the following matters: (a) A press release of Deering, Milliken & Co. Inc. issued in December, 1960, and announcing the appointment of three "manufacturing division" presidents; (b) The responsibility of Deering, Milliken & Co. Inc. either for the unfair labor practices of Darlington Manufacturing Corporation or to remedy those unfair labor practices; and (c) Such further evidence as may be deemed proper and appropriate under the circumstances.

8. Such order constitutes an abuse of the powers of the Board and is invalid and unauthorized, because the evidence to be offered under paragraph 7(a) above is not relevant and material to the issues in Case No. 11–CA–1071, in that the commencement of manufacturing operations by plaintiff Deering-Milliken, Inc. in 1960, could not affect the liability, if any, of Deering, Milliken & Co. Inc. for the unfair labor practices of Darlington Manufacturing Corporation in 1956; the evidence to be offered under paragraph 7(b) above relates to matters which have been either fully examined into and determined by the trial examiner during the 1958 hearings, or which the Board's General Counsel and the Union could then have sought to prove and establish, instead of which the hearings were closed without such proof being offered; the Board's order to allow "such further evidence as may be deemed proper and appropriate" under paragraph 7(c) above, is vexatious, burdensome, harassing and so vague and indefinite and unrelated to any standard of proof as to be meaningless and unenforceable; none of the matters of evi-

dence hereinabove described constituted "newly discovered evidence" warranting the Board's grant of the Union's motion to reopen the case.

■ 9. The Board has failed to proceed with the determination of Case No. 11–CA–1071 with reasonable dispatch, and has acted without due regard for the convenience and necessity of the respondents in said case. The action of the Board in said case has been unreasonably delayed. There is no administrative remedy available to plaintiff against such delay or against the hearings directed to be held by the Board's order of February 15, 1961.

10. The Board's order of February 15, 1961, and the failure of the Board to make a determination of said case on the merits, works an irreparable injury to plaintiff, constitutes a denial of rights guaranteed to it by the Constitution of the United States, and violates clear and mandatory provisions of statutes governing the Board's handling of said case.

11. Plaintiff has no adequate remedy at law.

### Conclusions of Law.

1. This Court has jurisdiction of this action under 24(8) of the Judicial Code (28 U.S.C.A. § 1337).

■ 2. The members of the National Labor Relations Board are not indispensable parties to this action.

3. The National Labor Relations Board in its handling of Case No. 11–CA–1071 has violated Section 6 of the Administrative Procedure Act (5 U.S.C.A. § 1005), and its action may be reviewed by this Court pursuant to Section 10 of said Act.

4. The Board's order of February 15, 1961, in said case is void and beyond the powers of the Board, and constitutes unlawful action on the part of the Board which has worked and is working an injury to plaintiff.

5. Plaintiff does not have any adequate method of reviewing the Board's order except by this action.

6. Plaintiff is entitled to an order of injunction as prayed for in the complaint herein.

7. Defendant's motion to dismiss the complaint or alternatively for summary judgment is denied.

### Order and Judgment.

This Cause Coming on to be heard on the date and place specified in the Show Cause Order entered herein on April 3, 1961, and the parties having agreed at said hearing that the factual allegations of the complaint are not in dispute and the defendant having represented that if an answer were filed it would admit the factual allegations of the complaint, and the parties therefore having agreed to submit for hearing, and to have determined by the Court, on the basis of the papers and documents now before the Court, the merits of the action, including the plaintiff's application for a permanent injunction and restraining order, and the defendant's motion to dismiss the complaint or in the alternative for summary judgment:

And the Court having considered the complaint of the plaintiff with its supporting documents and affidavits, and the aforesaid motion of the defendant and attached exhibits, and having considered the briefs, citations of authority, and oral arguments of counsel and being fully advised in the premises, and upon the basis of the following reasons: That the National Labor Relations Board has failed to act with reasonable dispatch in the handling and determination of Case No. 11–CA–1071, and that its delay in such case has been unreasonable and not occasioned by the necessity or convenience of the parties thereto, all in violation of the Administrative Procedure Act and in abridgement of plaintiff's rights under the Constitution; that the Board's order of February 16, 1961, granting a motion by the Textile Workers Union of America to reopen such case for the purpose of receiving alleged newly discovered evidence and referring this case to the defendant is illegal and void because such evidence relates to mat-

ters already determined in such case or which all parties were previously afforded an opportunity of proving, or relates to matters which as a matter of law are neither relevant nor material to any issue in said case; plaintiff is being and will continue to be irreparably injured by the failure of the Board to decide said case on the merits, and by the holding of further hearings as ordered by the Board; therefore,

It Is Ordered, Adjudged and Decreed, That the defendant Reed Johnston, as Regional Director of the Eleventh Region of the National Labor Relations Board, acting for and on its behalf in this matter, and any successor in his office, his agents, servants, employees and attorneys, and all persons in active concert or participation with the defendant or at his direction, be and the same are restrained and enjoined from arranging for, issuing notices of, holding, or taking any steps designed to require the production of witnesses or records at, any further hearings before any trial examiner or officer or members of the National Labor Relations Board for the purpose of taking testimony and evidence relating to the Deering, Milliken & Co., Inc. (or of the plaintiff herein) press release in the December 28, 1960, edition of the Daily News Report, the responsibility of Deering, Milliken & Co., Inc. (or of the plaintiff herein) either for the unfair labor practices of Darlington Manufacturing Company, or to remedy those unfair labor practices, and such further evidence as may be deemed proper and appropriate under the circumstances; the defendant is further directed and ordered to return said case to the National Labor Relations Board in Washington, D. C.;

That the motion of the defendant to dismiss the complaint be and the same is denied;

That the motion of the defendant for summary judgment be and the same is denied.

It Is Ordered, That judgment for the plaintiff be entered accordingly.